**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Criminal Case No.   95-cr-00299-LTB
                                    95-cr-00409-LTB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

1.   CATHERINE A. KARAFA,

    Defendant-Petitioner.
_____

**ORDER**
_____

This case is before me upon the motion of Catherine Karafa, Petitioner, entitled "Notice of Motion 60(b)(5)(6) Recall of the Mandate of Petitioner's Successive 2255." The Government has responded to the motion and Petitioner has filed a rebuttal to it.

On January 19, 2005, I entered my order addressing Petitioner's contention that her sentence in this case was imposed in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004), applying Apprendi v. New Jersey, 530 U.S. 466 (2000). I noted the dubious nature of the merits of the Petitioner's claim because of her admissions set forth in her plea agreements. However, dispositive of Petitioner's claim was the untimely filing of the successive 28 U.S.C. § 2255 petition under the Anti-Terrorism and Effective Death Penalty Act of 1997. Accordingly, I denied the motion.

Although a civil case file is opened upon a 28 U.S.C. § 2255 application for tracking purposes of the Administrative Office of U.S. Courts, it is in fact a motion within the

criminal case. Hamilton v. Newland, 374 F.3d 822 (9th Cir. 2004). Tto the contrary notwithstanding, I question whether Fed.R.Civ.P. 60(b) is a viable means to attack a denial of an application under 28 U.S.C. § 2255. See Gonzalez v. Crosby, 125 S.Ct. 2641 (2005). To say that it is, would convert this Fed.R.Civ.P. 60(b) motion to a third or successive attack on the conviction in violation of the time limitations in the Anti-Terrorism and Effective Death Penalty Act of 1997. The present motion should be denied on this basis.

In any event, the motion must be denied even assuming Rule 60(b)'s viable application in this case. Rule 60(b)(5) and (6) provides that on motion and upon such terms as are just, the Court may relieve a party from a final order for the following reasons: (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Here, the essence of Petitioner's motion continues to be the application of the rules of Apprendi, Blakely, and United States v. Booker, 543 U.S. 220 (2005). Neither Booker nor Blakely are retroactively applicable to this case. United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005). Hence, I conclude Petitioner has made no showing for relief pursuant to Fed.R.Civ.P. 60(b)(5) or (6). Accordingly,

IT IS ORDERED that the Motion is DENIED.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Chief Judge
United States District Court

DATED: March 15, 2006